14-2545-cv
*Rentokil-Initial Pension Scheme v. Citigroup Inc., et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of August, two thousand fifteen.

PRESENT:    JOSÉ A. CABRANES,
            REENA RAGGI,
            RICHARD C. WESLEY,
                    *Circuit Judges.*

---

RENTOKIL-INITIAL PENSION SCHEME, individually
and on behalf of all others similarly situated,

                *Plaintiff-Appellant*,

                v.                                          No. 14-2545-cv

CITIGROUP INC., SANFORD I. WEILL, CHARLES O.
PRINCE, III, ROBERT E. RUBIN, and VIKRAM PANDIT,

                *Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**        AMANDA FRAME (Eric Alan Isaacson, Jennifer
                                    N. Caringal, *on the brief*), Robbins Geller
                                    Rudman & Dowd LLP, San Diego, CA.


**FOR DEFENDANTS-APPELLEES:**       CHARLES E. DAVIDOW (Jane B. O'Brien, Brad
                                    S. Karp, Susanna M. Buergel *on the brief*), Paul,
                                    Weiss, Rifkind, Wharton & Garrison LLP,
                                    Washington, DC & New York, NY.

Appeal from February 6, 2014, February 18, 2014, and June 9, 2014 orders of the United States District Court for the Southern District of New York (Sidney H. Stein, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Rentokil-Initial Pension Scheme ("Rentokil") appeals the District Court's orders of February 6, 2014 and February 18, 2014 dismissing the action on the grounds of *forum non conveniens* and its subsequent June 9, 2014 order denying plaintiff's Rule 59(e) motion to amend the judgment.

We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal, and we recite here only those facts most relevant to the resolution of this appeal. Rentokil, a United Kingdom-based pension fund, brought the putative class action on behalf of itself and other purchasers of certain medium-term Euro Notes securities sold by defendant Citigroup Inc., alleging that Citigroup and four former Citigroup directors or officers misrepresented the quality of the Euro Notes and failed to disclose vulnerabilities to various investment risks in Securities and Exchange Commission filings and, by incorporation, in the Euro Notes offering documents. Rentokil's initial complaint, filed in August 2012, alleged solely a violation of U.K. law. Its operative first amended complaint, filed in June 2013, withdrew its claim under U.K. law and replaced it with allegations arising exclusively under four provisions of Luxembourg's Civil Code.

On appeal, plaintiffs challenge the District Court's dismissal for *forum non conveniens*, which was based on its determination that the United Kingdom was a more appropriate forum than the Southern District of New York. We review that dismissal for abuse of discretion, mindful that the "decision to dismiss a case on *forum non conveniens* grounds lies wholly within the broad discretion of the district court and may be overturned only when we believe that discretion has been *clearly abused*." *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001) (en banc) (internal quotation marks omitted). "Discretion is abused in the context of *forum non conveniens* when a decision (1) rests either on an error of law or on a clearly erroneous finding of fact, or (2) cannot be located within the range of permissible decisions, or (3) fails to consider all the relevant factors or unreasonably balances those factors." *Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 70 (2d Cir. 2003) (internal citation omitted).

This Court, sitting *en banc*, has set forth a three-step inquiry for *forum non conveniens* challenges. *See Iragorri*, 274 F.3d 65. First, the court determines the degree of deference properly accorded to the plaintiff's choice of forum. *Id.* at 70-73. Secondly, it considers whether an adequate alternative forum exists. *Id.* at 73. Finally, it balances the public and private interests implicated in the choice of forum. *Id.* at 73-74.

The District Court's well-reasoned decision appropriately identified and applied this three-part test. It correctly afforded less deference to the choice of forum selected by Rentokil, a foreign plaintiff, than would have been given a U.S. plaintiff. *Id.* at 71-72. It identified the courts of the United Kingdom as a perfectly adequate alternative forum, which permits litigation on the subject matter in dispute and in which defendants are amenable to service of process.[1] *See Pollux*, 329 F.3d at 75. Finally, it properly weighed the public and private factors set forth in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947). The Court found, *inter alia*, that the most relevant fact witnesses are U.K. citizens; that the U.K. is a member of the European Union, whose European Parliament and European Council enacted the operative "Prospectus Directive" governing the securities at issue; that certain of the Euro Notes were denominated in Pounds Sterling (but none in U.S. Dollars); that the U.K. possessed an interest in having "localized controversies decided at home," *id.* at 509; that jury service would impose an unfair burden on New Yorkers with little stake in the outcome of this case; and, finally, that U.S. courts should avoid adjudicating the issues of foreign law relevant here, a factor that "militates squarely against further litigation in New York." *Rentokil-Initial Pension Scheme v. Citigroup Inc. (In re Citigroup Inc. Sec. Litig.)*, No. 12 Civ. 6653 (SHS), 2014 WL 470894, at *7 (S.D.N.Y. Feb. 6, 2014). This textbook application of the three-part *Iragorri* text was sound and certainly not an abuse of discretion.

We likewise review the District Court's denial of plaintiff's Rule 59(e) motion to amend the judgment for abuse of discretion. *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004). Here too, we find no error. Rentokil's concern that the individual defendants might not be subject to personal jurisdiction in the U.K. was adequately addressed by those defendants' consent to personal jurisdiction with regard to all "legal theories based on the same facts permitted by the courts of England and Wales." Special App. at 20 (internal quotation marks omitted). And, as the District Court concluded, Rentokil is not entitled to waiver by defendants of all statutes of limitations, since nothing suggests that the claims alleged are time-barred (indeed, its current claims under Luxembourg law carry limitations periods of ten years and thirty years) or that the U.K is an inadequate forum for pursuing its claims. Having failed to show either the "clear error of law" or the "manifest injustice" that Rule 59(e) is intended to correct, Rentokil cannot now demonstrate that the denial of its Rule 59(e) motion was abuse of discretion. *Munafo*, 381 F.3d at 105 (internal quotation marks omitted).

---

[1] The District Court conditioned its *forum non conveniens* dismissal on the individual defendants' consent to personal jurisdiction over them by the courts of the United Kingdom. *See Rentokil-Initial Pension Scheme v. Citigroup Inc. (In re Citigroup Inc. Sec. Litig.)*, No. 12 Civ. 6653 (SHS), 2014 WL 470894, at *7 (S.D.N.Y. Feb. 6, 2014). The individual defendants promptly fulfilled this condition by consenting to "the exercise of personal jurisdiction over each of them by the courts of . . . England and Wales with respect to the claims asserted by plaintiff in the Complaint" and later clarified that their consent extended to all "legal theories based on the same facts permitted by the courts of England and Wales." Special App. at 14, 20 (internal quotation marks omitted). In its Rule 59(e) motion, Rentokil challenged defendants' consent as insufficiently comprehensive.

3

## CONCLUSION

We have considered all of the remaining arguments raised by plaintiff on appeal and find them to be without merit.  For the foregoing reasons, we **AFFIRM** the February 6, 2014, February 18, 2014, and June 9, 2014 orders of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4